IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WEIH STEVE CHANG, individually
and as a taxpayer,

Plaintiff,

v.

JUDGE WILLIAM C. BRADLEY,
STATE OF DELAWARE,
OFFICE OF MANAGEMENT AND BUDGET,
OFFICE OF PENSIONS, and
STATE OF DELAWARE,
DIVISION OF REVENUE,

Individually and/or in their official capacities,

jointly and severally,

Defendants.

$16 - 1008$

Civil Action No. _____

## VERIFIED COMPLAINT

Plaintiff brings this action against the Defendants Judge William C. Bradley (hereinafter

called "Bradley,") State of Delaware, Office of Management and Budget, Office of Pensions

(hereinafter called "OOP"), and State of Delaware, Division of Revenue (hereinafter called

"DOR"), for declaratory and injunctive relief, as well as monetary damages, and alleges as the

following:

## INTRODUCTION

1.      This lawsuit arises from one of the most savage and insidious judicial abuse by

Defendant Bradley in the nation's history. Since the 1970's, and during his judicial tenure,

Defendant Bradley sexually molested an estimated twenty-seven (27) teenage boys. By

information and belief, Defendant Bradley continues to receive pensions and other state official

benefits at the expense of taxpayers in spite of his own admissions made in 2010 to allegations by

victims Mr. Gregory Kelly and Mr. Chris Pierce. Defendant Bradley managed to evade pending civil and criminal claims by other juvenile victim(s) of his crimes.

## JURISDICTION AND VENUE

2.   Plaintiff's causes of action arise under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

3.   Plaintiff's causes of action also arise under a restriction under the dormant Commerce Clause, Article I, Section 8, Clause 3 of the United States Constitution prohibiting a state from passing legislation that improperly burdens or discriminates against interstate commerce.

4.   By probable cause Defendant Bradley committed interstate crimes.

5.   Defendant DOR collects taxes from Plaintiff's interstate commerce activities.

6.   The Court has subject-matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1331, 1343.

7.   The Court may exercise supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367.

8.   Venue is proper in the District of Delaware under 28 U.S.C. § 1391(b) because State Defendants are deemed to reside in the District and all of the events or omissions giving rise to Plaintiff's claims occurred within the District and in other states.

9.   The Court has jurisdiction to issue the declaratory relief requested under the Declaratory Relief Act, 28 U.S.C. §§ 2201 and 2202.

10.   The Court has authority to award the injunctive relief requested under Rule 65 of the Federal Rules of Civil Procedure.

11.   The Court has authority to award costs and/or attorney's fees under 42 U.S.C. § 1988.

2

## PARTIES

12.     Plaintiff is an individual and at all times relevant hereto has been a resident of New Castle County, State of Delaware, residing at 122 Pumpkin Patch Lane, Hockessin, DE 19707.

13.     Plaintiff became a Delaware resident in 2004 and has paid state and federal taxes through in-state employment. Since 2009, while maintaining Delaware residency, Plaintiff has paid state and federal taxes through W-2 employment work and independent consultancy work for employers and businesses outside Delaware.

14.     Since 2011, Plaintiff pays business taxes by operating Informatics in a Box, Inc., a Delaware corporation.

15.     Defendant Bradley was, at all relevant times hereto, employed by the Court of Common Pleas of New Castle County and was acting as an agent, servant, and/or employee of the State of Delaware.

16.     In December 1975, while employed as the legal counsel for the governor of the state, Defendant Bradley admittedly molested Mr. Gregory Kelly when Kelly was only 11 years old. By Mr. Kelly's personal account, Bradley transported him from West Chester, Pennsylvania, to Townsend, Delaware, for the said sexual act (see Exhibit A.)

17.     In 1976, Defendant Bradley, by illegal concealment of his crime(s), obtained judgeship, and since continually procured sexual servitude from minors, and has continued to receive judicial salary and pension from public funds.

18.     By information and belief, Defendant Bradley remains an active retired judge on the state pension roll.

19.     Defendants State of Delaware, Office of Management and Budget, Office of Pensions (hereinafter called "OOP"), is an agency of the State of Delaware, which administers the

state judicial pension plan.

20.     Defendants State of Delaware, Division of Revenue (hereinafter called

"DOR"), is an agency of the State of Delaware, which collects taxes for many purposes, including

funding state employee compensation and benefits, including the state judicial pension plan.

21.     Defendants Bradley, OOP, and DOR may be served via Attorney General,

Department of Justice, Carvel State Office Building, 820 N. French Street, 6th Floor, Wilmington,

DE 19801.

22.     Alternatively Defendant Bradley may be served at his last known address of

192 Fleming Landing Road, Townsend, DE 19734.

## FACTS CONCERNING DEFENDANT BRADLEY ENGAGING IN
## STATE-SPONSORED SEXUAL SERVITUDE IN MULTI-STATE JURISDICTIONS

23.     "On or about the evening of Dec. 28, 1975 and Dec. 29, 1975, while present in

my home located in Townsend, Delaware, I molested Gregory Kelly, then age 11, through

inappropriate sexual contact. I deeply regret any harm I have caused to Gregory Kelly and his

family." (See Exhibit B)

24.     The second known victim of Defendant Bradley is Mr. Chris Pierce. The last

known victim of Defendant Bradley is Mr. Wayne Averill, an inmate in the James T. Vaughn

Correctional Center, Smyrna, Delaware.

25.     In the early 1990s, Defendant Bradley knowingly lured Mr. Wayne Averill, a

foster child, at the age of 14, from foster homes administered by State of Delaware, into his house

at 192 Fleming Landing Road, Townsend, Delaware, for unlawful sexual act. A copy of Power of

Attorney forms from Mr. Wayne Averill was attached hereto as Exhibit C.

26.     Defendant Bradley used governmental properties, transportation,

telecommunication, mail service, and other public resources to procure sexual servitude.

4

27. Defendant Bradley performed unlawful sexual acts in his chambers both in the old courthouse and the new courthouse of New Castle County until April 2008.

28. Defendant Bradley also committed such crimes in Pennsylvania and New York.

29. In late 1990s Mr. Gregory Kelly told his family about the sexual abuse incident and they contacted Delaware's Department of Justice for criminal investigation.

30. Between 2009 and 2010, Mr. Wayne Averill contacted Delaware's Department of Justice demanding an arrest of Defendant Bradley, at the time, a known serial pedophile with over ten (10) victims on the record.

31. Delaware's Department of Justice, as the legal representative of Defendant Bradley, never disputed claims by Mr. Wayne Averill but has refused to prosecute Defendant Bradley without providing any justification to the public.

32. In the early 2010, around the same period of time when Dr. Earl B. Bradley was arrested and prosecuted, Defendant Judge William C. Bradley made the above admission. Delaware's Department of Justice was fully aware of the two similarly patterned sexual crimes against children by both Dr. Earl B. Bradley and Judge William C. Bradley.

33. Under the guise of medical care, Dr. Earl B. Bradley molested estimated 850 minors.

34. Under governmental power and authority, Defendant Judge Bradley molested an estimated 27 boys but had unlawfully fled justice.

## FACTS AND LAWS CONCERNING
## PLAINTIFF'S TAXPAYER STANDING TO ENJOIN
## JUDICIARY PENSION OF JUDGE WILLIAM C. BRADLEY

35. In Delaware, taxpayer standing is reserved for a narrow set of claims involving challenges either to expenditure of public funds or use of public lands.

36. By information and belief, the state judicial pension consists of contributory

5

and noncontributory portions. The noncontributory portion draws directly from public funds and the contributory portion draws from scheduled deductions of judicial salaries over years, which also draw from public funds.

37. Delaware Constitution Article I - § 19 Holding Office During Good Behavior requires that (a) judicial candidates qualify with good behavior; and (b) judges serve with good behavior.

38. Defendant Bradley's admitted crimes occurred prior to his becoming a judge. His reprehensible and inexcusable conduct continued until April 2008. Defendant Bradley did not qualify for the judicial post nor did he serve with good behavior, or even the slightest decency.

39. A requirement of honorable service is commonsensical in relation to the trust and confidence vested in those persons holding positions in public service and most especially in Delaware's Judiciary.

40. Many courts consider the concept of honorable and faithful service in pension statutes to be a condition of service so fundamental to those individuals to whom it pertains that it need not be expressly stated to be required.

41. As one court has held, "Public service, compensated at public expense, is a public trust and necessarily implies faithful service." *West Virginia Public Employees Retirement System v. Dodd, 183 W. Va. 544, 396 S.E.2d 725 (1990)*.

42. It would be an extreme absurdity to suggest or propose that a judge's service may be dishonorable while allowing this service to accumulate toward his or her receiving pension benefits. In such a fashion, undetected unethical or even criminal conduct could occur repeatedly and at the public's expense, a hide-and-seek game of ethics played out among the Judiciary, the bar, and the public in waiting for the statutory-time requirement to be satisfied for benefits to be awarded.

6

43. As one court has stated: "[a pension's] utility would be destroyed if a person who is properly subject to discharge because of guilt of a crime involving moral turpitude can be said to have an indefeasible claim to a pension simply because he has served the required length of time and reached the necessary age and happens to win a headlong race to file his application for retirement before the public authorities can try him on the charges pending against him arising from such crime." *Ballurio, 29 N.J. Super. at 389, 102 A.2d at 666.*

44. Defendant Bradley has committed one of the most heinous crimes during his thirty-three (33) years of tenure on the bench. He violated the oath of office and the constitutional requirements for judges. He betrayed the public trust and confidence while pursuing his sexual perversions on minors, and abused his office, judicial power and authority in order to do so.

## CASE LAW CONCERNING
## PLAINTIFF'S TAXPAYER STANDING IN A FEDERAL COURT

45. In *DaimlerChrysler Corporation v. Cuno* (2006), eighteen state taxpayers, none of whom were not directly engaged in interstate commerce, claimed that the state statutes that permitted the property tax exemption and the investment tax credit violated the Commerce Clause.

46. The United States Supreme Court determined that state taxpayers do not have standing under Article III of the U.S. Constitution to challenge state tax or spending in federal court simply by virtue of their status as taxpayers.

47. In *Cuno*, state taxpayers failed to allege concrete and particularized harm under the Commerce Clause rather conjectural or hypothetical injury from state tax policy.

48. In contrast, Plaintiff in this taxpayer lawsuit contributed to public funds through revenues and personal income from his interstate commercial activities. The public funds were directly expended to compensate Defendant Bradley.

49. In *Arizona Christian School Tuition Organization v. Winn* (2011), the United

7

States Supreme Court found that any damages or harm claimed by the taxpayers by virtue of simply being a taxpayer would be pure speculation because the issue at hand was a tax credit and not a government expenditure.

50.     In *Winn*, the US Supreme Court Justices were divided in determining whether to treat a tax credit as an equivalent to direct expenditure of public funds. The judicial pension that Defendant Bradley has been receiving since his 2010 admission comes directly from public funds.

51.     In this instant action, (a) Plaintiff bears a reasonable and distinct relationship to the expenditure of public funds to pay for Defendant Bradley's pensions and other retirement benefits; (b) it is of practical necessity because the state political system is structurally ill-equipped to provide a remedy for Plaintiff who objects to this particular expenditure of public funds alleged to have violated the Constitution; (c) Plaintiff is a member in interstate commerce for whom the especial benefit of the Commerce Clause is intended to directly run; (d) no plausible party other than Plaintiff has standing to challenge the alleged violation, leaving it functionally irremediable.

**COUNT I:**
**VIOLATION OF DELAWARE CONSTITUTION ARTICLE I - § 19**
**HOLDING OFFICE DURING GOOD BEHAVIOR**
**AGAINST DEFENDANT BRADLEY**

52.     Plaintiffs incorporate the preceding paragraphs of this Complaint as if set forth in full herein.

53.     Delaware's Oath of Office states that "I, (name), do proudly swear (or affirm) to carry out the responsibilities of the office of (name of office) to the best of my ability, freely acknowledging that the powers of this office flow from the people I am privileged to represent. I further swear (or affirm) always to place the public interests above any special or personal interests, and to respect the right of future generations to share the rich historic and natural heritage of Delaware. In doing so I will always uphold and defend the Constitutions of my

8

Country and my State, so help me God."

54.     Defendant Judge William C. Bradley violated his oath as a qualification for any office of public trust.

55.     Defendant Judge William C. Bradley violated Delaware Constitution Article I - § 19 Holding Office During Good Behavior.

56.     Defendant Judge William C. Bradley violated Delaware Constitution Article I - §19 Holding Office During Good Behavior by committing interstate crimes of unlawful sexual acts to minors in Pennsylvania and New York.

57.     The District Court may exercise supplemental jurisdiction to enforce Delaware Constitution, Delaware state laws and federal laws against Defendant Bradley.

## COUNT II:
## UNLAWFUL EXPENDITURE OF PUBLIC FUNDS
## AGAINST DEFENDANT OOP

58.     Plaintiffs incorporate the preceding paragraphs of this Complaint as if set forth in full herein.

59.     Delaware Constitution Article II - § 21 - Conviction of crime as ban to public office states that "no person who shall be convicted of embezzlement of the public money, bribery, perjury or other infamous crime, shall be eligible to a seat in either House of the General Assembly, or capable of holding any office of trust, honor or profit under this State."

60.     Defendant Bradley should have been arrested, put on trial by a jury, and thereby convicted, and made ineligible to hold his judgeship to judicial salary and pension.

61.     Defendant OOP knew or should have known in 2010 that, by his own admitted unlawful sexual acts against Mr. Gregory Kelly in December 1975, Defendant Bradley disqualified himself for a judgeship but since has continued to procure sexual servitude from minors, while continuing to receive judicial salary and pension from public funds.

9

62.     Plaintiff, as a personal income taxpayer and business taxpayer, was injured by

the unlawful expenditure by Defendant OOP of public funds. The truth of the matter is, all

humanity was injured.

## COUNT III:
## UNLAWFUL TAXATION IN VIOLATION OF
## THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION
## AGAINST DEFENDANTS OOP AND DOR

63.     Plaintiffs incorporate the preceding paragraphs of this Complaint as if set forth

in full herein.

64.     The Equal Protection Clause of the Fourteenth Amendment states "nor shall

any State deprive any person of life, liberty, or property, without due process of law."

65.     Since 2011, Plaintiff's business revenues and employment income are

exclusively from interstate commerce. Defendant DOR collects taxes from Plaintiff by levying on

his business revenues and/or personal income from other states.

66.     In contrast Defendant Bradley committed interstate crimes and caused harm and

injury to minors in other states.

67.     Without due process, Defendant DOR unlawfully collected taxes from

Plaintiff's interstate business revenues and employment income, and passed them onto Defendant

OOP in funding the unlawful expenditure for compensation, as judicial pensions and other

retirement benefits, to Defendant Bradley.

68.     Plaintiff, as a personal income taxpayer and business taxpayer, was injured by

Defendants DOR and OOP for their unlawful portion of taxation and expenditure of public funds

in violation of the Equal Protection Clause of the United States Constitution. All taxpayers were

injured.

10

## COUNT IV:
## UNLAWFUL TAXATION IN VIOLATION OF THE COMMERCE CLAUSE
## AGAINST DEFENDANTS OOP AND DOR

69.     Plaintiffs incorporate the preceding paragraphs of this Complaint as if set forth

in full herein.

70.     Defendants OOP and DOR injured plaintiff's business clients and employers in

other federal jurisdictions because the defendants have knowingly authorized unlawful

expenditure of public funds to compensate Defendant Bradley in spite of his interstate crimes.

71.     The unlawful taxation by Defendant DOR improperly burdens or discriminates

against interstate commerce.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays this Court for an ORDER:

(1)     DECLARING that:

A.     Defendant Bradley committed interstate crimes by transporting then

Pennsylvania resident Mr. Gregory Kelly from West Chester, Pennsylvania, to Townsend,

Delaware, for the admitted unlawful sexual acts;

B.     Defendant Bradley violated Delaware Constitution Article I - § 19

Holding Office During Good Behavior for all relevant times;

C.     Pensions and other retirement benefits currently provided to Defendant

Bradley constitute unlawful expenditure of public funds;

D.     Defendants DOR and OOP violated the Equal Protection Clause of the

Fourteenth Amendment of the United States Constitution in unlawful taxation of Plaintiff

legitimate interstate commerce income in support of unlawful interstate crimes committed by

Defendant Bradley;

(2)     ORDERING that appropriate injunctive relief be entered as necessitated and

allowed under law;

(3)     ORDERING an immediate cessation of any and all pension payments and other

retirement benefit payments to Defendant Bradley;

(4)     ORDERING a return of funds to the Treasury of the State of Delaware for all

past pensions payments and other retirement benefit payments, including the accrual of interest,

that were received by Defendant Bradley since his admission of his crimes against Mr. Gregory

Kelly and Mr. Chris Pierce;

(5)     AWARDING Plaintiff's costs and/or attorney's fees; and

(6)     AWARDING Plaintiff's financial losses in personal income and business

revenues in pursuit of this civil action;

(7)     AWARDING such other and further relief as the Court may deem proper and

just.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by

jury in this action of all issues so triable.

Respectfully Submitted,

Weih (Steve) Chang
122 Pumpkin Patch Lane
Hockessin, DE 19707
302-494-9992
With Gratitude to Jed and Deep Throat

DATED: **October 31, 2016**

# Exhibit A:

# Mr. Gregory Kelly's Interview at the National Crime Victims Organization 2014 Conference in Washington, DC

https://www.youtube.com/watch?v=GGFjUPVlKhA

I, William Bradley, in contemplation of settling all past, present and future claims arising out of the allegations of Gregory Kelly, hereby acknowledges as follows:

On or about the evening of December 28, 1975 and December 29, 1975, while present in my home located in Townsend, Delaware, I molested Gregory Kelly, then age 11, through inappropriate sexual contact. I deeply regret any harm I have caused to Gregory Kelly and his family.

William C. Bradley, Jr.

Exhibit B

Exhibit C:

Power of Attorney Forms
From Mr. Wayne R. Averill

# POWER OF ATTORNEY

State of Delaware

County of New Castle

Known by all men these presents that I, __Wayne R. Averill__ ,

the undersigned, of __James T. Vaughn Correctional Center, 1181 Paddock Road__ ,

City of __Smyrna__ , County of __New Castle__ ,

State of __Delaware__ do hereby make, constitute, and appoint

__Weih Steve Chang__ of __122 Pumpkin Patch Lane__ ,

City of __Hockessin__ , County of __New Castle__ , State of __Delaware__ ,

My true and lawful attorney in fact for me and in my name, place and stead, and on my Behalf, and for my use and benefit:

1. This is a legal instrument which shall grant power to the person named to do the specific tasks named herein.

2. This instrument is to be construed and interpreted as a limited power of attorney. The enumeration of specific items, rights, acts, or powers herein is intended to, and does limit or restrict, and is to be construed and interpreted as limited and restricting. The limited powers herein granted to said attorney are:

__To pursue the arrest, criminal prosecution, civil accountability__
__etc, of William C. Bradley, JR. at County, State, and/or Federal__
__Courts on my behalf.__
__To pursue same as my "Next of Friend" in all above Courts.__

(over)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

3. The rights, powers, and authority of said attorney in fact herein granted shall commence and be in full force and effect on October 17th ___, 20 16 , and such rights powers, and authority shall remain in full force and effect thereafter until October 31 ,2017, or terminated prior to such date by written notice signed by me.

Dated: October 17 _____, 20 16

Principal Wupe R.

Sworn to and subscribed before me this 17th day of October , 2016 .

Timothy J. Martz
Notary Public

# POWER OF ATTORNEY

State of Delaware

County of New Castle

Known by all men these presents that I, Wayne R. Averill ,

the undersigned, of James T. Vaughn Correctional Center, 1181 Paddock Road ,

City of Smyrna , County of New Castle ,

State of Delaware do hereby make, constitute, and appoint

Weih Steve Chang of 122 Pumpkin Patch Lane ,

City of Hockessin , County of New Castle , State of Delaware ,

My true and lawful attorney in fact for me and in my name, place and stead, and on
my Behalf, and for my use and benefit:

1. This is a legal instrument which shall grant power to the person named to do the
specific tasks named herein.

2. This instrument is to be construed and interpreted as a limited power of attorney.
The enumeration of specific items, rights, acts, or powers herein is intended to, and
does limit or restrict, and is to be construed and interpreted as limited and restricting.
The limited powers herein granted to said attorney are:

To enter civil actions in State and/or Federal Courts as my Next
of Friend and pursue justice in bringing William C. Bradley, JR. — a
former Judge of the New Castle County Courthouse — the State of Delaware,
and all other persons to be identified as defendants both now and
in the future.

---

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

3. The rights, powers, and authority of said attorney in fact herein granted shall commence and be in full force and effect on October 17th , 20 16, and such rights powers, and authority shall remain in full force and effect thereafter until October 31st ,20 17, or terminated prior to such date by written notice signed by me.

Dated: October 17_____, 20 16

Principal Wuper

Sworn to and subscribed before me this 17th day of October , 2016 .



Timothy J. Mats
Notary Public