# Exhibit E

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| WAYNE AVERILL, | § |
| | § No. 564, 2011 |
| Defendant Below- | § |
| Appellant, | § |
| | § Court Below─Superior Court |
| v. | § of the State of Delaware |
| | § in and for New Castle County |
| STATE OF DELAWARE, | § Cr. ID No. 0810004628 |
| | § |
| Plaintiff Below- | § |
| Appellee. | § |

Submitted: November 2, 2012
Decided: December 14, 2012

Before **STEELE**, Chief Justice, **HOLLAND** and **RIDGELY**, Justices

## O R D E R

This 14th day of December 2012, upon consideration of the briefs of the parties and the record below, it appears to the Court that:

(1) The defendant-appellant, Wayne Averill, filed an appeal from the Superior Court's October 26, 2011 order adopting the Superior Court Commissioner's October 6, 2011 report,[1] which recommended that Averill's motion for postconviction relief pursuant to Superior Court Criminal Rule 61 be denied.[2] We find no merit to the appeal. Accordingly, we affirm.

---

[1] Del. Code Ann. tit. 10, §512(b); Super. Ct. Crim. R. 62.
[2] Because this was Averill's first postconviction motion and because the motion contained allegations of ineffective assistance of counsel, the Commissioner requested that Averill's counsel file affidavits in response to the allegations. *Horne v. State*, 887 A.2d 973, 975 (Del. 2005).

(2) The record before us reflects that, in February 2009, Averill pleaded guilty to Unlawful Sexual Conduct Against a Child and Sex Offender Loitering. He was sentenced to a total of 4 years of Level V incarceration to be followed by 1 year at Level IV.[3] This Court affirmed Averill's convictions on direct appeal.[4]

(3) In this appeal from the Superior Court's denial of his motion for postconviction relief, Averill claims that a) the charges against him violate double jeopardy; b) his guilty plea was not voluntary due to errors at his plea hearing; c) his presentence report was inaccurate; and d) his counsel provided ineffective assistance.[5] Averill requests that his sentence be reduced.

(4) All of Averill's first three claims were raised, and rejected by this Court, in Averill's direct appeal. As such, they are procedurally barred in this proceeding as previously adjudicated.[6] Moreover, we can discern no reason why reconsideration of those claims is warranted in the interest of justice.[7]

---

[3] The record reflects that Averill also was sentenced on several unrelated violations of probation ("VOPs") to a total of 30 years at Level V, to be suspended after 6 years for 9 years of Level III probation.
[4] *Averill v. State*, 2010 WL 2602386 (Del. June 29, 2010).
[5] To the extent that Averill raises claims relating to his unrelated VOPs, they are irrelevant to the instant appeal and the Court will not address them.
[6] Super. Ct. Crim. R. 61(i) (4).
[7] Id.

(5) Averill's fourth claim is that his counsel provided ineffective assistance. In order to prevail on a claim of ineffective assistance of counsel within the context of a guilty plea, the defendant must demonstrate a reasonable probability that, but for his counsel's unprofessional errors, he would not have pleaded guilty, but would have insisted on proceeding to trial.[8] The defendant also must make, and substantiate, concrete allegations of actual prejudice.[9]

(6) Averill's claims of error consist of allegations that his original paid counsel failed to communicate with him prior to the plea hearing, making it necessary for the Office of the Public Defender to enter an appearance on his behalf the day before the hearing. However, Averill fails to make, or substantiate, any claims of actual prejudice resulting from his counsel's alleged failure to communicate with him. While he alleges that he would not have pleaded guilty had he known that his trial had been postponed, he does not demonstrate that, but for his original counsel's failure to communicate, he would not have pleaded guilty, but would have insisted on proceeding to trial.

(7) To the extent that Averill raises claims of error prior to his plea hearing, any such claims are unavailing. Averill's guilty plea already has

---

[8] *Albury v. State*, 551 A.2d 53, 60 (Del. 1988).
[9] *Younger v. State*, 580 A.2d 552, 556 (Del. 1980).

been adjudicated as knowing and voluntary by this Court on direct appeal.[10] Moreover, this Court also determined that Averill's voluntary guilty plea constituted a waiver of any claim of error prior to the entry of the plea.[11] To the extent that Averill seeks a reduction of his sentence, a motion for postconviction relief under Rule 61 is not the proper means to pursue such a remedy.[12]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Myron T. Steele
Chief Justice

---

[10] *Averill v. State*, 2010 WL 2602386 (Del. June 29, 2010).
[11] Id (citing *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003)).
[12] Super. Ct. Crim. R. 35.  The record reflects that Averill has filed several motions for sentence reduction in the Superior Court, all of which have been unsuccessful.

4