IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WEIH STEVE CHANG, individually and as a taxpayer,<br><br>    Plaintiff,<br><br>v.<br><br>JUDGE WILLIAM C. BRADLEY,<br>STATE OF DELAWARE,<br>OFFICE OF MANAGEMENT AND BUDGET,<br>OFFICE OF PENSIONS, and<br>STATE OF DELAWARE,<br>DIVISION OF REVENUE,<br><br>Individually and/or in their official capacities,<br><br>jointly and severally,<br><br>    Defendants. | Civil Action No. **16 – 1008 SLR** |

## MOTION TO COMPEL
## DELAWARE'S DEPARTMENT OF JUSTICE
## TO CERTIFY THE QUESTION OF CONFLICT OF INTEREST
## PURSUANT TO STATE STATUTES AND RULES

Plaintiff Weih Steve Chang respectfully requests that the Court compel Delaware's Department of Justice ("DDOJ") to certify the question of conflict of interest between DDOJ and State Defendant Judge William C. Bradley pursuant to 29 Del. C. § 2504(2)(3), 10 Del. C. § 3925, Delaware Supreme Court Rule 68(f), and Rule 1.7 of the Delaware Lawyers' Rules of Professional Conduct. In support of this motion, Plaintiff respectfully states the following.

Defendant Judge Bradley is named as a state defendant in this instant action. Pursuant to a recent letter ruling by the state court (Exhibit A), if DDOJ alleges a conflict exists such that it cannot represent State Defendant Judge Bradley, DDOJ should certify

1

that fact to the Court. including the specific basis on which the conflict exists or believes it may exist. This will enable the Court to review the specific conflict claims to determine if these claims overcome the presumption of honesty and integrity such that there is a risk of actual bias or prejudgment.

## PURSUANT TO 29 DEL. C. § 2504
## DDOJ HAS POWERS, DUTIES AND AUTHORITY
## TO REPRESENT STATE DEFENDANT JUDGE BRADLEY

This instant action arises from matters in connection with State Defendant Judge William C. Bradley's exercising of official powers or duties in his chambers while committing unlawful sexual acts.

Under 29 Del. C. § 2504(2) DDOJ has powers, duties and authority "to provide legal advice, counsel and services for administrative offices, agencies, departments, boards, commissions and officers of the state government concerning any matter arising in connection with the exercising of their official powers or duties ..." At the current phase of the litigation, DDOJ has not yet clarified conflict of interest, if any, that prevented DDOJ attorneys from providing legal representation to Judge Bradley.

Meanwhile, 29 Del. C. § 2504(3) establishes an exception by stating DDOJ has powers, duties and authority "to represent as counsel in all proceedings or actions which may be brought on behalf of or against them in their official capacity in any court, *except in actions in which the State has a conflicting interest* (emphasis added), all officers, agencies, departments, boards, commissions and instrumentalities of state government." Under the exception of presumed conflict of interest, Plaintiff has standing in enjoining State Defendant OOP from unlawfully expending public funds for judiciary pension of State Defendant Judge Bradley.

2

### PURSUANT TO 10 DEL. C. § 3925
### STATE DEFENDANT JUDGE BRADLEY IS ENTITLED TO
### DDOJ ATTORNEYS OR COURT-APPOINTED COUNSELS
### IN FEDERAL COURTS

Under 10 Del. C. § 3925, State Defendants are entitled to legal representation either by DDOJ attorneys or private counsels pending DDOJ's certification of conflict of interest, as the statute states "any public officer or employee, in a criminal or civil action against the person arising from state employment, shall be entitled to petition the court for a court-appointed attorney to represent the person's interests in the matter. If the judge, after consideration of the petition, examination of the petitioner and receipt of such further evidence as the judge may require, determines that the petition has merit, the judge shall appoint an attorney to represent the interests of such public officer or employee. The court-appointed attorney shall represent such person at all stages, trial and appellate, until the final determination of the matter, unless the attorney is earlier released by such person or by the court. The court may first appoint an attorney from the Department of Justice. If the court determines that the Department is unable to represent such public officer or employee, the court may appoint an attorney from the Office of Defense Services in criminal actions only, and in civil actions may appoint an attorney licensed in this State. *This section shall also apply to all federal courts within this State* (emphasis added)."

### PURSUANT TO DELAWARE SUPREME COURT RULE 68
### STATE DEFENDANT JUDGE BRADLEY IS ENTITLED TO
### COURT-APPOINTED COUNSELS
### UPON CERTIFICATION OF CONFLICT OF INTEREST

Pursuant to Delaware Supreme Court Rule 68b(2), "where a public officer or employee is defendant in an action brought in the United States District Court for the District of Delaware, the petitioner may petition that Court for appointment of counsel.

That Court may refer said petition to the President Judge of the Superior Court for appropriate action in accordance with applicable state law."

Rule 68(f) states that "whenever the Department of Justice certifies to the appointing court that a conflict of interest exists, or may exist because of the appointment of a Department of Justice attorney, as a result of any statute or disciplinary rule under the Delaware Lawyers' Rules of Professional Conduct, the court may appoint an attorney from the private bar, if the court is satisfied that such conflict exists or may exist."

Exhibits A and B show such court proceedings in *Chakirra Wonnum v. Major Fred Way (CA NO. N17C-01-291 Del. Super)*. Major Fred Way is a similarly situated state defendant who committed similar unlawful acts to those of State Defendant Judge Bradley. The same DDOJ attorney, Deputy Attorney General Joseph C. Handlon ("DAG") expressly declares that there is a conflict of interest between DDOJ and Major Fred Way due to the fact DDOJ criminally prosecuted Major Fred Way. It appears that there has never been even the slightest hint of conflict of interest between DDOJ and Judge Bradley, the current recipient of judiciary pension and other state benefits.

### VIOLATIONS OF RULE 1.7 OF
### THE DELAWARE LAWYERS' RULES OF PROFESSIONAL CONDUCT

While protected by purported sovereign immunity, DAG violated the Delaware Lawyers' Rules of Professional Conduct Rule 1.7, which states:

"(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: the representation of one client will be directly adverse to another client...

(b) Notwithstanding the existence of a concurrent conflict of interest under

4

paragraph (a), a lawyer may represent a client if...(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal..."

As the state court's records show, between 2010 and 2015 DAG concurrently represents the State in both Mr. Averill's criminal matter and Mr. Averill's civil matter in the same tribunal, which involved the assertion of a claim and/or a counter-claim between the State and Mr. Averill.

Although DAG never entered his appearance as counsel for State Defendant Judge Bradley on record, nevertheless, DAG covertly acted as Judge Bradley's "Attorney in Fact." In DAG's own exhibit (DI# 18: Exhibit B, Page 3, Footnote 7), the state court footnoted DAG's statement defending Judge Bradley by stating "according to the Complaint, Plaintiff (Averill), who was 32 at the time, voluntarily contacted and later visited former Judge Bradley upon being released from prison."

DAG knews that, at the time, Plaintiff (Averill) was a person on probation and Judge Bradley was a sitting and active judge. Under the corrupt influence of DAG, the state court considered Plaintiff (Averill's) allegations "consist of voluntary acts between two consenting adults." (DI# 18: Exhibit B, Page 2, Paragraph 3)

## CONCLUSION

In a recent Supreme Court decision on *Buck v. Davis*, Chief Justice Roberts wrote in a majority opinion that "Buck may have been sentenced to death in part because of his race...as an initial matter, this is a disturbing departure from a basic premise of our criminal justice system: Our law punishes people for what they do, not who they are."

In the interest of equal administration of justice and pursuant to the above-mentioned state statutes and rules, Plaintiff respectfully requests that the Court compel

Delaware's Department of Justice to certify the question of conflict of interest between DDOJ and State Defendant Judge William C. Bradley.

Respectfully submitted,

*/s/ Weih Steve Chang*
Weih Steve Chang
With Gratitude to Jed and Deep Throat

122 Pumpkin Patch Lane
Hockessin, DE 19707
(302) 494-9992

April 6, 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WEIH STEVE CHANG, individually and as a taxpayer,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE WILLIAM C. BRADLEY, STATE OF DELAWARE, OFFICE OF MANAGEMENT AND BUDGET, OFFICE OF PENSIONS, and STATE OF DELAWARE, DIVISION OF REVENUE,<br><br>Individually and/or in their official capacities,<br><br>jointly and severally,<br><br>Defendants. | Civil Action No. **16 – 1008 SLR** |

## ORDER

Upon consideration Motion to Compel Delaware's Department of Justice to Certify the Question of Conflict of Interest Pursuant to State Statutes and Rules is hereby **GRANTED**.

IT IS SO ORDERED.

JUDGE: _____

DATE: _____

7

## CERTIFICATE OF SERVICE

CA NO. <u>**16 – 1008 SLR**</u>

I hereby certify that on <u>April 6, 2017</u>, I served a copy of the foregoing <u>Plaintiff's Motion to Compel Delaware's Department of Justice to Certify the Question of Conflict of Interest Pursuant to State Statutes and Rules</u> document upon the following Party listed below by <u>email</u>.

| | |
|---|---|
| JOSEPH C. HANDLON, ESQ.<br>CARVEL STATE BUILDING, 6TH FLOOR<br>820 N. FRENCH ST.<br>WILMINGTON, DE 19801<br>joseph.handlon@state.de.us | MARK L. REARDON, ESQ<br>ECKERT SEAMANS CHERIN &<br>MELLOTT, LLC<br>222 DELAWARE AVENUE<br>7TH FLOOR<br>WILMINGTON, DE 19801<br>mreardon@eckertseamans.com |

_____
Weih (Steve) Chang
122 Pumpkin Patch Lane
Hockessin, DE 19707
302-494-9992

DATED: **April 6, 2017**

8

# Exhibit A

OF THE
STATE OF DELAWARE

Transaction ID 60371546
Case No. N17C-01-291 ALR

JAN R. JURDEN
PRESIDENT JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0665

March 7, 2017

Joseph C. Hanlon, Esquire
Deputy Attorney General
Department of Justice
New Castle County
820 N. French Street, 6th Floor
Wilmington, DE 19801

RECEIVED

MAR 08 2017

JUDGE ROCANELLI'S OFFICE

RE:  Chakirra Wonnum v. Fred Way, III, et al
C. A. No. N17C-01-291 ALR

Dear Mr. Hanlon:

This Court currently has before it Defendant Way's "Petition for Appointment of Counsel Pursuant to 10 *Del. C.* § 3925 and Supreme Court Rule 68" in the above referenced matter. Supreme Court Rule 68 states that, "[w]henever the Department of Justice <u>certifies to the appointing court</u> that a conflict of interest exists, or may exist . . . the court may appoint an attorney from the private bar, <u>if the court is satisfied that such conflict exists or may exist</u>." (emphasis added). Reading Supreme Court Rule 68 in conjunction with 10 *Del. C.* § 3925, that "[t]he court may first appoint an attorney from the Department of Justice" is it imperative that the Court be satisfied that a conflicts exists prior to appointment of counsel from the private bar.

If the Department of Justice alleges a conflict exists such that it cannot represent Defendant Way, the Department of Justice should certify that fact to the Court, including the specific basis on which the conflict exists or believes it may exist. This will enable the Court to review the specific conflict claims to determine if these claims overcome the presumption of honesty and integrity such that there is a risk of actual bias or prejudgment.

Sincerely,

President Judge Jurden

cc:  The Honorable Andrea Rocanelli
Prothonotary
Charles H. Toliver, IV, Esquire
Thomas C. Crumplar, Esquire
Raeann Warner, Esquire
Roopa Sabesan, Esquire

# Exhibit B



DEPARTMENT OF JUSTICE
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

MATTHEW P. DENN
ATTORNEY GENERAL

CIVIL DIVISION (302) 577-8400
FAX (302) 577-6630
CRIMINAL DIVISION (302) 577-8500
FAX (302) 577-2496
FRAUD DIVISION (302) 577-8600
FAX (302) 577-6499

March 16, 2017

The Honorable Jan R. Jurden
Superior Court
New Castle County Courthouse
500 North King Street, Suite 10400
Wilmington, DE 19801-3733

2017 MAR 20 PM 3: 33
FILED PROTHONOTARY

Re: *Chakirra Wonnum v. Fred Way, III, et al.*,
C.A. No. N17C-01-291 ALR

Dear Judge Jurden:

Pursuant to the Court's request, dated March 7, 2017, please accept this as the Department of Justice's certification under Supreme Court Rule 68 that the Department has determined that a conflict exists, or may exist, between representing both the State and Mr. Way in this civil action. The Department prosecuted Mr. Way for the conduct that forms the basis for this lawsuit. *See* Delaware Rule of Professional Conduct 1.7 and *State v. Moorehead*, 645 A.2d 569, *3 (Del. Apr. 29, 1994) (TABLE) (holding that the Civil Division and Criminal Division deputies are not "independent" for purposes of 42 C.F.R. § 2.65(d)(5) because deputies report to the Attorney General and stating that both deputies therefore "had a current professional relationship that would have precluded them from representing opposing parties had both been members of a private law firm."). Further, the Department is representing the State (DOC) as well as the Warden of Baylor Women's Correctional Institution and a DOC Captain in this matter. These State Defendants are accused of improperly promoting Mr. Way and transferring him to Baylor and are therefore, according to Plaintiff, responsible for his alleged misconduct. Under these circumstances, and because of the criminal prosecution that relates to the facts at issue in this case, the Department has determined that it cannot represent these defendants and Mr. Way in this civil action.

Very Truly Yours,

Joseph C. Handlon

cc: The Honorable Andrea Rocanelli
✓ Prothonotary
Charles H. Toliver, IV, Esquire
Thomas C. Crumplar, Esquire
Raeann Warner, Esquire
Roopa Sabesan, Esquire