IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WEIH STEVE CHANG, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 16-1008-CFC |
| | : | |
| JUDGE WILLIAM C. BRADLEY, et al., | : | |
| | : | |
| Defendants. | : | |

Weih Steve Chang, Hockessin, Delaware. Pro Se Plaintiff.

Mark L. Reardon, Esquire, Eckert Seamans Cherin & Mellott, LLC, Wilmington, Delaware. Counsel for Defendant Judge William C. Bradley.

Joseph Clement Handlon, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants State of Delaware Office of Management and Budget, Office of Pensions, and Division of Revenue.

**MEMORANDUM OPINION**

November 9th, 2018
Wilmington, Delaware

**CONNOLLY, U.S. District Judge**

I. **INTRODUCTION**

Plaintiff Weih Steve Chang ("Plaintiff"), who proceeds *pro se*, commenced this action on October 31, 2016. (D.I. 1) Defendants moves to dismiss. (D.I. 7, 13) Plaintiff opposes both motions. (D.I. 17) Plaintiff also filed a motion for direct certification of questions of law (D.I. 12) and a motion to compel (D.I. 20), and later asked the Court to postpone ruling on the motion for certification and to withdraw the motion to compel. (D.I. 26) Defendants State of Delaware Office of Management and Budget ("OMB"), Office of Pensions ("OOP"), and Division of Revenue ("DOR") (together "State Defendants") recently filed a motion to stay discovery. (D.I. 29)

II. **BACKGROUND**

Plaintiff is a frequent litigator in state and federal courts. According to the Complaint, the claims arise under U.S. Constitution's Equal Protection Clause as well as the Commerce Clause, Article I, Section 8, Clause 3, which prohibits a state from passing legislation that improperly burdens or discriminates against interstate commerce. (*Id*. at 2) Plaintiff also raises supplemental State claims for violations of the Delaware Constitution. (*Id*. at 2, 8, 9) In the civil cover sheet, Plaintiff frames the matter as a taxpayer lawsuit seeking recovery of overpayment, as well as a civil rights action for violations of the Equal Protection Clause and the Commerce Clause. (*See* D.I. 1-1)

Plaintiff, a resident of the State of Delaware since 2004, alleges that he has paid state and federal income taxes and business taxes. Plaintiff alleges that Defendant Judge William C. Bradley ("Judge Bradley") engaged in sexual misconduct with minors

1

from the 1970's through the 1990's, illegally concealed the crimes, managed to evade civil and criminal claims, became a judge, received a judicial salary, retired from his judicial position, and continues to receive a State pension and other State benefits at taxpayers' expense. (D.I. 1 at 1-3) Plaintiff alleges that he has taxpayer standing to enjoin Judge Bradley's judiciary pension because he contributed to public funds and the public funds were directly expended to compensate Judge Bradley. (*Id.* at 5, 7)

The Complaint refers to three victims, one of whom is Wayne Averill ("Averill"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware. The Court takes judicial notice that Averill filed a lawsuit against Judge Bradley in the Superior Court of the State of Delaware in and for New Castle County, *Averill v. Bradley*, C.A. No. N10C-07-128-JRJ (Del. Super.), where it remains pending. Attached to the instant Complaint are two powers of attorney executed by Averill to allow Plaintiff to act on his behalf.[1] (*Id.* at Ex. C)

Counts I and II are raised under Delaware law and allege violations of the Delaware Constitution, and Counts III and IV are raised under federal law and allege violations of the U.S. Constitution. Count I, raised against Judge Bradley, alleges violations of the Delaware Constitution, Article I, § 19, holding office during good behavior. Count I states that, because Judge Bradley allegedly committed heinous

---

[1] Parties may proceed in federal court only *pro se* or through counsel. *See* 28 U.S.C. § 1654. Federal courts do not permit a non-attorney to engage in the unauthorized practice of law by pursuing an action *pro se* with an individual's limited power of attorney. *See Harris v. Philadelphia Police Dep't*, 2006 WL 3025882 (E.D. Pa. Oct. 20, 2006); *see also See Osei-Afriyie v. Medical Coll. of Pa.*, 937 F.2d 876, 882-883 (3d Cir. 1991) (a non-lawyer with a power of attorney is not permitted to represent his family members in court). Plaintiff is not a licensed attorney and, therefore, he cannot represent or file documents on behalf of Averill.

2

crimes during his tenure on the bench, Judge Bradley violated his oath of office as a qualification for any office of public trust. (*Id.* at 8-9)

Count II is raised against the OOP. It alleges unlawful expenditure of public funds in violation of the Delaware Constitution Article II, § 21. Count II alleges that Judge Bradley should have been arrested, tried, and convicted, making him ineligible to hold his judgeship and receive his judicial salary and pension. Count II alleges Plaintiff was injured by the OOP's unlawful expenditures of public funds to Judge Bradley.

Count III is raised against the OOP and DOR. It alleges unlawful taxation in violation of the Equal Protection Clause by the DOR and OOP for their unlawful portion of taxation and expenditure of public funds, injuring all taxpayers. It also alleges the DOR violated Plaintiff's right to due process when it collected taxes from his interstate business revenues and employment income and passed them onto the OOP to fund the "unlawful expenditure for compensation" such as "judicial pensions and other retirements benefits to Judge Bradley. (*Id.* at 10)

Count IV is raised against the OOP and DOR and alleges unlawful taxation in violation of the Commerce Clause. Plaintiff alleges Defendants injured his business clients and employers in other federal jurisdictions because State Defendants knowingly authorized unlawful expenditures of public funds to compensation Judge Bradley despite his interstate crimes. The Complaint alleges the unlawful taxation by DOR improperly burdens or discriminates against interstate commerce.

Plaintiff seeks declaratory relief and injunctive relief, as well as compensatory damages. (*Id.* at 12)

Defendants move for dismissal on the grounds that: (1) Plaintiff lacks standing to assert the claims; (2) the allegations are frivolous and fail to state claims; (3) State Defendants are immune from suit; (4) State Defendants are not "persons" capable of suit under 42 U.S.C. § 1983; and (5) the Court lacks jurisdiction over the State claims. All Defendants ask the Court to enjoin Plaintiff from filing further actions without leave of court because of his frivolous and vexatious litigation in state and federal courts.

## III. LEGAL STANDARDS

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions

4

or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## IV. DISCUSSION

### A. Standing

The Court turns first to the issue of standing. The Complaint alleges Plaintiff has taxpayer standing to enjoin Judge Bradley's judiciary pension because Plaintiff contributed to public funds, and the public funds were directly expended to compensate Judge Bradley. All Defendants assert that Plaintiff does not have standing to assert the taxpayer claims.

"[S]tate taxpayers have no standing under Article III to challenge state tax or spending decisions simply by virtue of their status as taxpayer." *Nichols v. City of Rehoboth Beach*, 836 F.3d 275, 280 (3d Cir. 2016) (internal quotations and citation omitted). Federal and state taxpayers cannot show Article III standing based on their status as taxpayers "because the alleged injury is not concrete and particularized, but

5

instead a grievance the taxpayer suffers in some indefinite way in common with people generally." *Id.* (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 344 (2006) (internal citations and quotation marks omitted).

Moreover, under Delaware law, taxpayer standing is "reserved for a narrow set of claims involving challenges either to expenditure of public funds or use of public lands." *Lechliter v. Delaware Dep't of Nat. Res. & Envtl.*, 2015 WL 9591587, at *11 (Del. Ch. Dec. 31, 2015). "It is focused on whether use of public funds or property itself is legal, not merely on the process by which decisions regarding such use are made—otherwise, the breadth of taxpayer standing would be near-limitless." *Lechliter v. Delaware Dep't of Nat. Res. Div. of Parks and Recreation*, 2015 WL 7720277, at *7 (Del. Ch. Nov. 30, 2015).

It is clear from the allegations that Plaintiff does not have taxpayer standing to obtain the relief he seeks. *See e.g., Reeder v. Wagner*, 2009 WL 1525945 (Del. 2009) (State residents did not have "taxpayer standing" to bring action for a declaratory judgment that a state representative received pay as both a public school teacher and representative for coincident hours in violation of the State of Delaware Compensation Policy).

Nor does Plaintiff have standing to impose criminal liability on Judge Bradley to the extent that is his intent. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also Rose v. Husenaj*, 708 F. App'x 57, 60 (3d Cir. 2017) (lessor who sought to impose criminal liability against lessee lacked standing).

6

Accordingly, the Court will grant the motions to dismiss on the basis of lack of standing.

### B. Eleventh Amendment

State Defendants move for dismissal based upon immunity from suit. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). As agencies of the State of Delaware, State Defendants are immune from suit under the Eleventh Amendment. *See e.g. Walter v. Division of Revenue for State of Delaware*, 961 F. Supp. 97, 99 (D. Del. 1997), *aff'd*, 141 F.3d 1155 (3d Cir. 1998 (table) (DOR has Eleventh Amendment immunity from suit); *Gresham v. State of Delaware State Benefits Office*, 2018 WL 716989 (D. Del. Feb. 5, 2018) (Office of Management and Budget has Eleventh Amendment immunity from suit).

State Defendants are immune from suit. Therefore, the Court will grant the motion to dismiss on this ground.

### C. 42 U.S.C. § 1983

State Defendants also move for dismissal of the § 1983 claims as frivolous and for failure to state a claim upon which relief may be granted. In Plaintiff's opposition he states that this is not a 42 U.S.C. § 1983 action. (D.I. 17 at 4) In essence, Plaintiff concedes there are no federal claims. Given Plaintiff's position, the Court does not have jurisdiction because the parties are not diverse and there is no federal question.

In the alternative, and while Plaintiff claims he does not invoke 42 U.S.C. § 1983, liberally construing the Complaint, Plaintiff alleges constitutional violations by the OMB, OOP and DOR, thus implicating the statute. When bringing a § 1983 claim, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[2] *West v. Atkins,* 487 U.S. 42, 48 (1988).

As discussed, State Defendants are immune from suit. In addition, the claims against State Defendants are barred by *Will v. Michigan Department of State Police*, 491 U.S. 58, 69 (1989), which holds that neither states nor state officials sued in their official capacities for money damages are "persons" within the meaning of § 1983. *See Evancho v. Fisher,* 423 F.3d 347, 350 (3d Cir. 2005).

In his opposition, Plaintiff contends the claims are raised against Judge Bradley as a State actor and not a private citizen. He states the alleged acts occurred "sometimes in judicial chambers in 1990's and continued until 2008." (D.I. 17 at 2) Plaintiff may not amend his complaint through his opposition brief, and these facts may not be considered by the Court. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.,* 836 F.2d 173, 181 (3d Cir. 1988) (citing *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Notably, Count I, the only claim against Judge Bradley, alleges violations of the Delaware Constitution. It does not allege violations of federal law or the United States Constitution.

---

[2] A Commerce Clause claim may be raised under § 1983. *See e.g., Tri-M Group, LLC v. Sharp,* 705 F. Supp. 2d 335, 342-43 (D. Del. 2010); *Wickes Companies, Inc. v. national Gypsum Co.,* 1986 WL 9941, at *2 (D. Del. 1986).

Moreover, even had Plaintiff raised a § 1983 claim against Judge Bradley, it is time-barred. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). The alleged wrongful acts of Judge Bradley last occurred in 2008, yet Plaintiff did not commence this action in 2016, long past the two-year limitation period. The § 1983 claims against Judge Bradley are clearly time-barred.

Therefore, the Court will grant the motions to dismiss the § 1983 claims.

D. **Non-cognizable Claims**

The allegations are conclusory, frivolous, and the claims are not cognizable. For example, Plaintiff sued State Defendants who are immune from suit. Plaintiff attempts to raise a claim under Article 1, § 19 of the Delaware Constitution, but it is far from clear that there is a private right of action to raise such a claim. In the one State with reported decisions where an action has been filed under a similar article of a State Constitution, the claim has been raised by the officer holder, not a third party like Plaintiff. *See e.g.*, *Garrard Cty. Fiscal Court v. Layton*, 840 S.W.2d 208 (Ky. Ct. App. 1992). Plaintiff also attempts to raise a claim under Article II, § 21 of the Delaware Constitution which speaks to persons convicted of crimes involving dishonesty, but there are no allegations that Judge Bradley was ever convicted of a crime. Plaintiff speaks to unlawful conduct by Judge Bradley, but the claims are time-barred, and Plaintiff was not one of Judge

9

Bradley's alleged victims. Nor may Plaintiff, a non-attorney, raise claims or seek remuneration on behalf of others, which seems to be his intent. In addition, Delaware Courts are "unaware of any authority that allows a private citizen to bring civil suit on purported violations of judicial rules or canons." *Chang v. Mayo*, 2016 WL 3640260, at *3 (Del. Super. June 28, 2016).

Finally, the Court takes judicial notice of the numerous actions filed by Plaintiff, some seeking recovery or relief for Judge Bradley's alleged misconduct.[3] The Court's

---

[3] All Defendants ask the Court to enjoin Plaintiff from filing further litigation without leave of court because of Plaintiff's documented litigation history. (D.I. 7, D.I. 13) At this time, the Court declines to do so. *See Chang v. Strine*, Civ. No. 16-1050-GMS, at D.I. 11 n.2 (D. Del. Apr. 3, 2018). Plaintiff is admonished that the Court will not countenance repeated filings against the same defendants raising the same issues. Plaintiff's litigiousness began by filing cases involving a false claims action and claims relating to child custody issues and then expanded to general claims regarding prosecution of crimes of child molestation. *Chang v. Children's Advocacy Center of Delaware [CAC]*, Civ. No. 15-442-GMS (D. Del.) (false claims action that CAC does not use a mandated multi-disciplinary team approach when conducting child abuse investigation and treatment, dismissed on motions and currently on appeal); *Chang v. Mayo*, Civ. No. 15-901-SLR (D. Del.) (sealed complaint against State Family Court Commissioner Jennifer L. Mayo alleging judicial misconduct, voluntarily dismissed after Plaintiff's request for a stay was denied); *Chang v. State of Delaware*, Civ. No. 15-963-LPS (D. Del.) (complaint against Delaware Department of Services for Children, Youth and Their Families, CAC, City of Wilmington and others, relating to child custody issues, dismissed and on appeal); *Chang v. Strine*, Civ. No. 16-1050-GMS (D. Del.) (claims against Delaware State Judges asserting Equal Protection claims for denial of requests for legal representation in action alleging sexual molestation by a judicial officer on behalf of alleged victims of child molestation, dismissed on motion); *Chang v. Children's Advocacy Center of Delaware, Inc.*, C.A. No. 11632-VCS (Del. Ch.) (complaint purportedly on behalf of child victims, alleging claims against numerous state officials, employees and state deputy attorneys general regarding alleged deficiencies in protecting children, case dismissed for failure to state a claim and lack of standing, and appeal dismissed); *Matter of Pet. of Chang for Writ of Mandamus*, 2016 WL 4382643 (Del. Aug. 18, 2016) (dismissing mandamus petition seeking arrest of former state judge); *Chang v. Mayo*, C.A. No. N15C-10-100 EMD, 2016 WL 3640260 (Del. Super. June 28, 2016) (similar to Civ. No. 15-901-SLR, alleging claims against Commissioner Mayo dismissed due to absolute judicial immunity, lack of a private right of action, and sovereign immunity); *Matter of Pet. of Chang for Writ of Mandamus*, 2016 WL 5899243

10

experience and common sense, lead it to recognize that the Complaint does not state facially plausible claims for relief. See *Iqbal*, 556 U.S. at 679.

### E. Supplemental Jurisdiction

Counts I and II raise supplemental claims under Delaware law for alleged violations of the Delaware Constitution. Having concluded the Complaint fails to state cognizable federal claims, the Court declines to exercise jurisdiction over the supplemental State law claims. See 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

### V. CONCLUSION

For the above reasons, the Court will: (1) grant Defendants' motion to dismiss (D.I. 7, 13); (2) deny as moot Plaintiff's motion for direct certification of questions of law and motion to compel (D.I. 12, 20); (3) deny as moot Defendant's motion to stay discovery (D.I. 29); and (4) decline to exercise supplemental jurisdiction. The Court finds amendment futile.

An appropriate Order follows.

---

(Del. Oct. 10, 2016) (dismissing second mandamus petition seeking arrest of former Judge Bradley).

11